STATE OF MINNESOTA                                     **DISTRICT COURT**
**County of Hennepin**             Judicial District:        Fourth/ Hennepin
                                                   Case Type:            Civil Other/Misc.

Galen Traylor
Plaintiff

                                                         **SUMMONS**

vs.

Allina Health System d/b/a Allina Business Office
Defendant



Acceptance of Service
Date: May 23, 2017
Time: 1:00 pm
On Behalf Of: Allina Health
Accepted By: Dee Kong
Title: Assistant Secretary to the Board
Service By: process server

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

      619 South Tenth Street
      Suite 301
      Minneapolis, MN 55404

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the

1

EXHIBIT
A

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 22, 2017          Respectfully Submitted,

                              MADGETT LAW, LLC

                              s/ David J.S. Madgett
                              David J.S. Madgett (#0390494)
                              619 South Tenth Street
                              Suite 301
                              Minneapolis, MN 55404
                              (612) 470-6529
                              dmadgett@madgettlaw.com

                              ATTORNEY FOR PLAINTIFF

STATE OF MINNESOTA  
County of Hennepin

Judicial District:  
Case Type:

DISTRICT COURT  
Fourth/ Hennepin  
Civil Other/Misc.

Galen Traylor  
Plaintiff

vs.

Allina Health System d/b/a Allina Business Office  
Defendant

**COMPLAINT**

PLAINTIFF, as and for her causes of action against the above-named defendant, states and alleges as follows:

### Introduction

1.   Defendant is a victim of prolonged collection harassment by defendant, Allina Health System d/b/a Allina Business Office (hereinafter "the Business Office"). On an ongoing basis Defendant used an automatic telephone dialing system (hereinafter ATDS) to repeatedly call and harass Ms. Traylor on her personal cell phone despite Ms. Traylor repeatedly requesting that Defendant cease its calling. Defendant's representatives illegally harassed Ms. Traylor to the point where she developed anxiety when dealing with or even thinking about financial matters. Defendant placed these calls to collect an alleged medical debt, despite Ms. Traylor not owing this debt and Ms. Traylor repeatedly informing the Business Office of this fact. Defendant has without regard to Ms. Traylor's wishes programed or directed another to program a computer to

1

call Ms. Traylor's cell phone on a nearly continual basis and to thereafter play a prerecorded message asking Ms. Traylor to cease the call and instead call another number. These bizarre calls provide absolutely no means of opting out. Despite Ms. Traylor notifying the office she did not want these calls, the calls continued. Plaintiff brings this action in order to put a stop to Defendant's illicit conduct.

## Statement of Jurisdiction & Venue

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d).

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## Parties

4. Plaintiff Galen Traylor is an adult resident of Hennepin County, Minnesota.

5. Defendant is a domestic company registered to conduct business in the State of Minnesota.

6. Defendant regularly uses the name Allina Business Office to collect debts owed to it, but Defendant has not registered the name Allina Business Office with the State of Minnesota.

7. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

## Facts

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39), a "subscriber" as defined by Minn. Stat. §325E.26 subd. 5, and a "consumer" as defined by 15 U.S.C. §1692a(3).

2

9. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39), a "caller" as defined by Minn. Stat. §325E.26 subd. 3, and a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Plaintiff's current telephone number, (xxx) xxx-3499, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227 (b)(1)(A)(ii).

11. The alleged debt owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692 a(5).

12. The calls mentioned herein constitute "communications" as defined by 15 U.S.C. §1692a(2).

13. Although Defendant is believed to be an original creditor, Defendant used a name other than its own, namely "Business Office".

14. At no time did Defendant mention its registered corporate name nor did defendant register "Business Office" or "Allina Business Office" as assumed names with the Minnesota Secretary of State.

15. The name "Business Office" or "Allina Business Office" would indicate that a third person is collecting or attempting to collect the debt in question.

16. As such Defendant qualifies as a debt collector as defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a disabled individual who suffers from traumatic brain injury and who has a case social worker who assists Plaintiff with many daily tasks.

18. Sometime prior to 2013, Plaintiff received medical services from Defendant.

19. Plaintiff receives state-sponsored medical insurance which has a pre-negotiated rate for medical services.

20. On information and belief, Defendant is contractually prohibited from billing patents after accepting payment from Plaintiff's insurer and any applicable co-payment from Plaintiff.

3

21.   At the time of service Plaintiff paid any co-pay required and no further payment was required by Plaintiff pursuant to the agreement between Plaintiff's insurer and Defendant.

22.   Despite this, and after receiving payment in full, Defendant then attempted to collect additional funds not due and owing, buy sending bills to Plaintiff for an alleged remaining balance, "Balance Bills".

23.   These balance bills consisted of the differential between the non-contract rate for services and the contract rate for services rendered.

24.   On information and belief, Defendant was contractually prohibited from demanding these balance bills.

25.   In an effort to collect these Balance Bills, Defendant thereafter began calling Plaintiff on a nearly a daily basis.

26.   On some days Plaintiff received in excess of five calls per days from Defendant.

27.   Defendant's representatives initiated these automated calls using a prerecorded voice and while failing to provide any information about who they were or why they were calling.

28.   On all occasions relevant, Defendant hid its identity by blocking its number so that caller ID systems would display "blocked" or "unknown".

29.   Upon information and belief, Defendant utilizes an ATDS to collect alleged debts from consumers.

30.   On all occasions relevant when Plaintiff answered the phone, a pre-recorded message came on the line.

31.   Plaintiff is informed and believes, and thereon alleges, that said phone calls were made to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

4

32. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

34. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used an "automatic dialing-announcing device" as defined by Minn. Stat. §325.26 subd. 2.

35. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not request, consent to, permit, or authorize receipt of said messages pursuant to Minn. Stat. §325E.27(a).

36. Defendant placed or caused to be placed these telephone calls in violation of Minn. Stat. §325E.27.

37. On multiple occasions, Plaintiff requested that Defendant stop calling her, yet the calls in question continued.

38. By failing to stop calling after being requested to do so, Defendant violated 15 U.S.C. § 1692d.

39. By placing harassing dead air calls to Plaintiffs cell phone, Defendant violated 15 U.S.C. § 1692d.

40. By failing to deliver the disclosures mandated by 15 U.S.C. §1692g Defendant violated the subsection.

41. As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

5

## Specific Claims

### Count I – Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### Count II – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

6

48.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### Count III – Violation of the Minnesota Automatic Dialing-Announcing Devices Act
### Minn. Stat. §325E.26-31

49.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.  The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Minn. Stat. §325E.27.

51.  Pursuant to Minn. Stat. §325E.31, Defendant is subject to a private right of action under Minn. Stat. §8.31, and is subject to remedies including damages, reasonable costs and disbursements, reasonable attorney's fees, and injunctive relief.

### Count IV – Violation of Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et. seq.

52.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.  The aforementioned conduct include multiple and numerous violations of the Fair Debt Collection Practices Act by Defendants including, but not limited to violations 15 U.S.C. §§ 1692d, 1692f, and 1692g.

7

### Count V – Solicitation of Money for Merchandise not Ordered or Services not Performed in Violation of Minn. Stat. 325F.69 Subd. 4

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. By repeatedly soliciting payment from Plaintiff, including balance billing Plaintiff for an amount Defendant knew or should have known was not due and owing, Defendant solicited payment from Plaintiff in violation of Minn. Stat. 325F.69 Subd. 4.

56. Plaintiff is entitled to bring this cause of action under Minn. Stat. § 8.31, subd. 1 and 3(a), which provide that a private party, "injured by violation of [§ 325F.69] may bring a civil action and recover damages, together with the costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court."

57. Plaintiff's cause of action benefits the public as required by *Ly v. Nystrom, 615 N.W.2d 302, 313-14 (Minn. 2000)* in that it is in the public interest that Defendant cease soliciting funds from persons insured by the State of Minnesota without regard to the insurance contract paid for by the taxpayers of the State of Minnesota.

### Count VI - Request for Declaratory Judgment Pursuant to Minn. Stat. §555.01

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

8

59. Plaintiff respectfully requests Declaratory Judgment that Plaintiff does not owe any money to Defendant.

## Count VII – Negligence

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. In agreeing to accept Plaintiff's insurance Defendant has a duty to act in a reasonable and prudent manner with regard to the billing of Plaintiff's account.

62. By participating as an in-network medical provider, Defendants have a duty to accurately bill insured persons and to take reasonable measures to assure that such persons are not unreasonably interfered with.

63. Defendant had a duty to Plaintiff as a provider of Plaintiff's medical services.

64. Defendant was also an intended third party beneficiary of Defendants' agreement with the insurer.

65. Defendants breached their duty by wrongly billing plaintiff and by causing Plaintiff unnecessary injury.

66. Defendants hurt plaintiff by calling her, a disabled person, in an unreasonable manner likely to cause individuals with similar disorders fear, frustration, and anxiety.

67. Defendants further breached their duty by failing to maintain reasonable records and processes to assure accuracy and reduce mistakes.

68. Defendant further breached their duty in failing to investigate Plaintiff's account after Plaintiff informed Defendant that she believed her account to have accounting errors.

9

69. Plaintiff was harmed by Defendants' abusive calls.

70. Plaintiff was harmed as a direct cause of Defendants' breach of its duty.

### Count VIII– Fraud

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Defendant has entered into agreements with various insurers whereby Defendant agrees to a set fee for service.

73. In many cases the agreed fee is split between an insurer and the insured individual receiving Defendant's services.

74. In some cases the agreed fee is below what would otherwise be charged in the open market. Defendant agrees to charge a lower fee to attract a higher volume of persons from a particular insurer.

75. On information and belief, Defendant exploits the fact that the fee is paid by two individuals by billing both for the same service.

76. In so doing Defendant routinely double bills for the same service.

77. On information and belief, Defendant fails to inform either party it is sending bills to multiple persons for the same services.

78. Defendant seeks to unlawfully receive payment from one or more persons.

79. Defendant has indeed unlawfully received payment from multiple individuals.

80. On information and belief Defendant routinely bills persons it knows to be insured, and therefore beneficiaries of the lower insured rates for services, the full market rate.

10

81. Defendants knew the material fact that Plaintiff is a recipient of a state insurance program and owed no additional money.

82. Despite this, Defendants billed Plaintiff for a balance due and owing.

83. Plaintiff was harmed as a direct cause of Defendants' misrepresentations.

84. Plaintiff acted in reliance on Defendant's statement to her detriment.

Count IX – Intentional Infliction of Emotional Distress

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. Defendant willfully disregarded the rights of Plaintiff, namely plaintiff's right to be free from harassing computer dialed phone calls.

87. Defendant knowingly called plaintiff, a vulnerable adult, and a disabled person with traumatic brain injury using a prerecord message at inconvenient hours without providing any means for plaintiff to opt out of the calls in question.

88. Defendant thereby acted in an extreme and outrageous manner.

89. Plaintiff suffered severe distress from Defendant's statements.

90. Specifically, Plaintiff felt and was in fact, violated and/ or stolen from by Defendant.

91. Plaintiff suffered from headaches, shortness of breath, frustration, fear, and anxiety and depression as a direct result of Defendant's intentional behavior and/ or statements.

## Jury Demand

92. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, Galen Trayler, by and through her attorneys, respectfully prays for Judgment in excess of $50,000.00 to be entered in favor of Plaintiff and against Defendant as follows:

a. Declaratory judgment that Plaintiff does not owe the debt in question;

b. All actual compensatory damages suffered;

b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

c. Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

d. Statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

e. injunctive relief prohibiting such conduct in the future;

f. reasonable attorney's fees, litigation expenses, and cost of suit; and

g. Any other relief deemed appropriate by this Honorable Court.

Dated: May 22, 2017        Respectfully Submitted,

                           MADGETT LAW, LLC

                           s/ David J.S. Madgett
                           David J.S. Madgett (#0390494)

619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 470-6529
dmadgett@madgettlaw.com

ATTORNEY FOR PLAINTIFF

### Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: May 22, 2017          By: /s/ David J.S. Madgett
                             David J.S. Madgett
                             ATTORNEYS FOR PLAINTIFF